# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

|  |  |
|---|---|
| **EGV COMPANIES, INC.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 4:23-CV-00939-NCC |
| v. ) | |
| ) | |
| **BTB MARKETING, LLC,** ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff EGV Companies Inc., Motion to Remand. (Doc. 8). The matter is fully briefed and ready for disposition. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(c). For the following reasons, Plaintiff's Motion is **GRANTED**.

### I. Background

Plaintiff EGV Companies, Inc. ("Plaintiff") originally filed this action for breach of contract against Defendant BTB Marketing, LLC ("Defendant") on June 19, 2023, in St. Louis County Circuit Court. (Doc 1-3). Plaintiff states that in separate civil matter, Mark Dobronski sued Ensurety Ventures, LLC, Defendant, and other entities for an alleged violation of the Telephone Consumer Protection Act. (*Id.* at ¶4). Plaintiff alleges that the Dobronski litigation originated from the alleged acts of the Defendant. (*Id.* at ¶6). Because of Defendant's insolvency, Ensurety agreed to pay to settle the matter. (*Id.* at ¶7). Thereafter, Defendant allegedly agreed to reimburse Plaintiff for the settlement amount plus attorney's fees, totaling $118,999.50 (*Id.* at ¶8). Prior to the State proceeding in St. Louis County Circuit Court, Plaintiff

credited Defendant with payments of $40,000 and $15,000. (*Id.*). Plaintiff then sued Defendant on June 19, 2023, seeking $68,399.50 in damages for breach of contract.

On July 26, 2023, Defendant timely removed the original petition to this Court based on diversity jurisdiction. (*Id.*). Plaintiff then filed a Motion to Remand arguing that the amount in controversy is not met because they are seeking to recover $68,399.50. (Doc. 8). Plaintiff request an award of attorney's fees incurred with their remand efforts, arguing that Defendant "lacked an objectively reasonable basis to remove this case." (*Id.*). In response, Defendant argues that the jurisdictional threshold has been met because on the face of the petition, Plaintiff alleges the amount in controversy is $118,399.50. (Doc. 13). Defendant also contends that they had an objectively reasonable basis for requesting the removal and as such, Plaintiff's request for attorney's fees should be denied. (*Id.*).

## II. Analysis

**A. Motion for Remand**

Federal courts have original jurisdiction where the parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). "The amount in controversy is measured by the value to the plaintiff of the right sought to be enforced." *Schubert v. Auto Owners Ins. Co.*, 649 F.3d 817, 821 (8th Cir. 2011) (internal citations and quotations omitted). Where a complaint alleges an amount under the jurisdictional minimum, the removing party must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009); *In re Minnesota Mut. Life Ins. Co. Sales Practices Litig.*, 346 F.3d 830, 834 (8th Cir. 2003). "To meet this burden, the defendant must present some specific facts or evidence." *Harris v. Transamerica Life Ins. Co.*, 2014 WL 1316245, at *1 (E.D. Mo. Apr. 2, 2014) (internal quotation

2

marks omitted). Once the removing party has established by a preponderance of the evidence that the jurisdictional minimum is satisfied, remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount. *Green v. Dial Corp.*, 2011 WL 5335412, at *1 (E.D. Mo. Nov. 4, 2011) (citing *Bell*, 557 F.3d at 956). Doubts concerning federal jurisdiction are resolved in favor of remand. *Bell*, 557 F.3d at 956.

Defendant has failed to establish by a preponderance of the evidence that the amount in controversy exceeds $75,000. On the face of the petition, Plaintiff alleged they were "damaged in the amount of $68,399.50 as a direct and proximate result of Defendant BTB's breach of its contract to repay this balance." (Doc 8). The amount in controversy is measured from Plaintiff's vantagepoint, *see Crisman v. Midwest Techs., Inc.*, No. 8:12CV337, 2012 WL 12884780, at *2 (D. Neb. Nov. 19, 2012). Even after correcting a calculation error[1], the amount alleged by the Plaintiff remains below the jurisdictional threshold. Though Defendant disputes any alleged payments to Plaintiff that bring the amount in controversy below $75,000 (Doc 8), it failed to proffer any evidence substantiating that claim. Because the face of the petition shows a number below the jurisdictional threshold and Defendant's arguments are too speculative, the Court finds Defendant failed to meet its burden by a preponderance of the evidence.

**B. Attorney's Fees**

The Court has also considered Plaintiff's request for attorney's fees incurred in connection with seeking a remand of this case. When remanding an action to state court, a district court may require a defendant to pay just costs and actual expenses that a plaintiff has incurred as a result of improper removal. 28 U.S.C. § 1447(c). An award of costs and fees under

---

[1] It appears Plaintiff made an error when calculating the alleged settlement sum as $113,399.50 when the sum should be $118,399.50. Plaintiff's Motion to Remand credited Defendant with two payments – one for $30,000 and another payment of $15,000. Regardless, the amount would still not exceed the jurisdictional amount of $75,000.

3

§ 1447(c) depends on the reasonableness of the removal.  *Convent Corp. v. City of North Little Rock, Ark.*, 784 F.3d 479, 483 (8th Cir. 2015).  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  Nevertheless, district courts "retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case." *Id.*  In determining whether the removing party lacked an objectively reasonable basis for seeking removal, the Court does not consider the removing defendant's motive, but instead must consider "the objective merits of removal at the time of removal, irrespective of the ultimate remand." *Convent*, 784 F.3d at 483; *Nguyen v. Outfield Brewhouse*, LLC, No. 4:17-CV-00973-JAR, 2017 WL 3085325, at *3 (E.D. Mo. July 19, 2017).

Plaintiff argues the removal was objectively unreasonable because Defendant "entirely and willfully ignore[d] [p]aragraphs 9-10 of the petition" that alleges damages in the amount of $68,399.50. (Doc. 8).  Plaintiff also attached two exhibits to its Motion for Remand which are emails from counsel requesting that Defendant refrain from removing to district court. (Doc 8-1,2). Defendant argues that neither party was involved in the *Dombroski* litigation that led to a settlement. (Doc. 3).  As a result, no clarity exists on the alleged amount in controversy. (*Id.*). Defendant challenges the validity of the alleged payments made would bring the amount below the jurisdictional threshold. (*Id.*).

After careful consideration, the Court concludes that Defendant's removal for this action was objectively unreasonable.  As mentioned above, Plaintiff's petition unambiguously states the alleged damages, $68,399.50.  Furthermore, Plaintiff took the extra step, on two occasions to

4

email Defendant to confirm that Plaintiff is seeking damages below $75,000. *See Starks v. Progressive Advanced Ins. Co.*, No. 22-00468-CV-W-GAF, 2022 WL 19263360, at *3 (W.D. Mo. Nov. 3, 2022). Accordingly, Plaintiff is entitled to an award of reasonable attorney's fees and cost.

### III. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand [Doc. # 8] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall **REMAND** this action to the 21st Judicial Circuit Court of Missouri (St. Louis County) from which it was removed.

**IT IS FINALLY ORDERED** that Plaintiff's request for attorney's fees and cost is **GRANTED**. Plaintiff shall have seven days from the date of this order to submit documentation of the costs and expenses reasonably incurred as a result of Defendant's removal.

Dated this 10th day of January, 2024.

                                            /s/ Noelle C. Collins
                                            NOELLE C. COLLINS
                                            UNITED STATES MAGISTRATE JUDGE